J-S04024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRAE D.D. COLE | : | |
| | : | |
| Appellant | : | No. 1264 EDA 2024 |

Appeal from the PCRA Order Entered April 12, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0002889-2019

BEFORE:   OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                 **FILED AUGUST 25, 2025**

Appellant, Andrae D.D. Cole, appeals from the April 12, 2024, order of the Court of Common Pleas of Philadelphia County dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The factual and procedural background of the instant appeal is not at issue. Briefly, on October 31, 2019, following a waiver trial, the trial court found Appellant guilty of rape by forcible compulsion and seventeen other related offenses. On January 6, 2020, Appellant was sentenced to an aggregate term of imprisonment of 15 to 30 years. On January 16, 2020, Appellant filed a motion for reconsideration of sentence, which was denied on May 18, 2020.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On direct appeal, Appellant challenged the sufficiency of the evidence and the legality and the discretionary aspects of his sentence. We affirmed the judgment of sentence on April 25, 2022. *See Commonwealth v. Cole*, No. 1223 EDA 220, 2022 WL 1210465, unpublished memorandum (Pa. Super. filed April 25, 2022). The Supreme Court denied Appellant's petition for allowance of appeal on August 23, 2022. *See Commonwealth v. Cole*, 284 A.3d 118 (Pa. 2022).

Appellant filed a *pro se* PCRA petition on February 13, 2023. After appointing counsel, an amended petition was filed on November 3, 2023, alleging ineffective assistance of trial counsel. An evidentiary hearing was held on April 12, 2024. At the hearing, Appellant testified that he was not aware of the existence of a plea deal until he received discovery in filing his *pro se* PCRA petition. Specifically,

> [h]e argued that had he been presented the offer, he would have accepted it, though he never asked his attorney about the existence of an offer or plea deal. Appellant testified that a woman met with him and gave him a form which he claimed to "not understand the purpose or intent of it, so she left." The referenced form was the plea agreement [identified *infra* as SMART Room offer], signed and rejected by Appellant.
>
> Yvonne Younis, Esq. is an Assistant Defender and prior Unit Supervisor at the Defender Association of Philadelphia. Ms. Younis testified she was the attorney who met with Appellant at Curran-Fromhold Correctional Facility (CFCF), at which time she conveyed the SMART Room offer and explained it at length to him. Ms. Younis testified that "what [Appellant] told her is that he was innocent, and that he was not going to plead guilty on something that he did not do. After Ms. Younis conveyed the offer and fully described its ramifications, Appellant reviewed and signed the document, effectually rejecting the SMART Room offer.

> Joe Krantz, Esq. was Appellant's assigned trial attorney with the Defender Association of Philadelphia. Mr. Krantz testified that he did not discuss the plea deal with Appellant because Appellant "was very adamant that he was factually innocent and did not want to plead guilty." Mr. Krantz specified that his reasons for not discussing the deal were that the plea deal was a pretrial offer that had been rejected by Appellant, and Appellant was adamant about proceeding to trial as he would be found not guilty.

PCRA Court Opinion, 7/2/24, at 2-3 (citations to the record omitted).

Following the evidentiary hearing, on April 12, 2024, the PCRA court denied Appellant's amended petition. This timely appeal followed.

On appeal, Appellant argues that Attorney Krantz was ineffective because he failed to discuss or inform Appellant of the plea offer. Appellant's Brief at 13-14.

Our standard of review from a PCRA court's denial of relief is limited to examining whether the determination below is supported by the evidence of record and free of legal error. *See **Commonwealth v. Watley***, 153 A.3d 1034, 1039 (Pa. Super. 2016).

The standard we apply when reviewing claims of ineffective assistance of counsel is as follows:

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

- 3 -

* * *

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted and formatting altered).

As noted, the PCRA court denied Appellant's petition and found that

[t]he claim [was] not meritorious, as the record supports the [PCRA court]'s determination that Appellant was conveyed the plea deal by counsel and rejected it. Yvonne Younis, an attorney with the Public Defender's Office, met with Appellant and thoroughly discussed the SMART Room offer. At the end of their meeting, Appellant reviewed, signed and rejected the offer. Attorney Krantz testified that Appellant was committed to trial and proceeding with further plea discussions would [have been] frivolous.

PCRA Court Opinion, 7/2/24, at 5 (citations to the record omitted).

We agree. In addition, we note that Attorney Krantz made it clear that the plea offer was made by the Commonwealth at the pretrial stage, that Appellant had rejected that offer, and that Appellant never mentioned a desire to renew plea negotiations. As such, Attorney Krantz cannot be found ineffective for not conveying a plea offer that did not exist.

Furthermore, it is unclear the prejudice Appellant suffered from the alleged omission, considering that he made it clear to his trial counsel that he was not interested in pleading guilty, and that he never wavered about his commitment to pursuing full exoneration through a trial. While Appellant

might subsequently have changed his mind, the consequences of Appellant's choices cannot now be pinned on trial counsel.

Finally, to the extent that there are inconsistencies between Appellant's testimony and trial counsel testimony, it should be noted that the PCRA court credited counsel's testimony that Appellant was not interested in pleading, and that the PCRA court discounted Appellant's testimony that he did not understand what Attorney Younis explained to him. It is well-established that credibility assessments are for the PCRA court to make and that we cannot reweigh the testimony. *See*, *e.g.*, *Commonwealth v. Spotz*, 47 A.3d 63, 75 (Pa. 2012) ("The PCRA court's credibility determinations, when supported by the record, are binding on this Court[.]").

In light of the foregoing, we agree with the PCRA court's that Appellant is entitled to no relief on the underlying PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/25/2025

- 5 -